KLIEBERT, Judge.
Appellants, Edward Caire, co-administrator of the successions, and Mildred Caire Gipson, both forced heirs of the decedents, Mae T. Caire and Robert L. Caire, filed a pleading in the succession proceedings entitled “Rule for Declaration of Rights.” The rule prayed for and an order was obtained directing Joseph T. Caire, as the only other forced heir and in his capacity as co-administrator, and Joan Danner, the attorney for the co-administrator and alleged custodian of funds derived from the sale of former community property of the decedents, to show cause why some $35,000.00 of the funds should not be declared the property of the forced heirs and distributed to them immediately. Appellants claimed ownership of the $35,000.00 because it represented the increase in value of the community house between the date of the death of their father on March 28, 1963 and the date of the sale of the house on March 14, 1989. The trial judge dismissed the rule and Edward Caire and Mildred Caire Gipson appealed. We affirm and remand.
The dispute reaches us in an unorthodox procedural manner and resulted from a breakdown in agreements made to circumvent established administrative procedures. Although the appellants’ procedure may have been subject to attack at the trial level, since the appellees made no objections in the trial court and the issue is only one of several issues raised by other rules being heard at the same time and resolved by agreement, out of judicial expediency and the desire to invoke an orderly administration of the succession affairs, we address the issue, notwithstanding possible procedural deficiencies.
From the pleadings and the record before us, we note the successions were opened by Edward Caire when he filed a petition on November 17, 1988 seeking to be appointed administrator of the joint successions. It appears from documents filed in the record this had been prompted by Edward and Mildred signing an agreement to sell the former community home of their parents, and the other forced heir, Joseph, refusing to join with them in the execution of the agreement to sell. At any rate, for whatever reasons, apparently by mutual agreement of the heirs, Edward and Joseph were appointed as co-administrators of the joint successions, the mass of which included the former community home of the decedents, on January 17, 1989.
Thereafter, notwithstanding the opening of the successions, the three forced heirs, *299 as of November 30, 1988, individually signed an agreement to sell the former community property, even though it formed part of the mass of the joint successions. Then, although the procedure to effect a private sale by the co-administrators was instituted under some agreement between the heirs, the sale of the property was effected by the three forced heirs being placed into possession of the property, the purchaser issuing checks in the joint names of the forced heirs, and Joan Danner holding the checks which Joseph then refused to endorse. This resulted in several rules being filed and a combined hearing set on these rules for March 17, 1989. At the time of this hearing, Joseph agreed to endorse the check, provided the funds were deposited in an interest bearing account. A petition was filed by Joan Danner for authority, and the trial judge directed her “... to invest the funds of the succession ... in a money market certificate.”
The hearing of March 17, 1989 consisted solely of statements and arguments made by counsel. No testimony was taken and apparently those documents presently in the record were placed in the record by tacit consent and agreement of the attorneys. Although there is a copy of a rule nisi requesting a distribution of the entirety of the sales proceeds, according to the record before us, this was not heard or ruled on by the trial judge. Further, the only ruling appealed from is the one requesting a distribution of the $35,000.00 increased value in the decedent Robert Caire’s undivided one-half interest in the community home.
On appeal appellants argue that the increased value[1] of Robert Caire’s one-half interest in the property sold belongs to the heirs under the maxim “Le mort saisit le vif,” i.e., the property of the deceased is transferred immediately and directly to the legal heirs immediately on the death of the decedent. The argument is without merit. For as stated in the Succession of Stauffer, 119 La. 66,43 So. 928 (1907) 43 So. at page 929:
“By the fiction of law, ‘le mort saisit le vif,’ the heir is seised of right, but not in fact, until he accepts the succession and is sent into or takes possession according to law. As long as the property is under administration it remains in the custody of the law, and the rights of heirs and legatees are in abeyance until the administration is closed.”
Although there is insufficient evidence in the record to determine the nature and contents of the agreement between the heirs as to the disposition to be made of the funds when they were placed into possession to effectuate a sale of the property, it is apparent there are several claims to be made against the funds which would best be adjudicated in an administrated succession. To date every agreement to ignore or circumvent the procedures prescribed for making a sale or adjudicating claims in an administrated succession has broken down and resulted in more litigation and costs to the successions.
However, neither side urges or argues the nature of the agreement under which the heirs were placed into possession to effectuate the sale. Both sides apparently concluded in the trial court that although the heirs were placed into possession of the property before the sale, it was for the convenience of the heirs and the buyers in effectuating the sale by the succession rather than to terminate the administration of the succession or to make the funds from the sale immediately available to the heirs.
The trial judge’s ruling fosters an orderly adjudication of the claims within the administrated succession, hence, we affirm the judgment and remand for further administration of the succession. Costs of the appeal are imposed on the appellants.
AFFIRMED AND REMANDED.

. Edward Caire had filed a descriptive list in the succession proceedings valuing Robert L. Caire’s undivided one-half interest in the house at the time of his death in 1963 at $15,000.00 and valuing Mae T. Caire’s undivided interest at the time of her death in 1987 at $50,000.00. The house was sold for $100,000.00 and netted $88,-867.24.